In re Rosemary **RICHARD**, Debtor.

Rosemary **RICHARD**, Plaintiff,

v.

Raymond **TEMPEST**, Kirshenbaum Investment Co., Inc., Defendants.

Bankruptcy No. 8200573.
Adv. No. 820410.

United States Bankruptcy Court,
D. Rhode Island.

Jan. 21, 1983.

Andrew S. Richardson, Rhode Island Legal Services, Providence, R.I., for plaintiff.

Carolyn Barone, Kirshenbaum Law Associates, Providence, R.I., for defendant Kirshenbaum Inv. Co., Inc.

1. 11 U.S.C. § 548(a)(2) provides in pertinent part:

§ 548. *Fraudulent transfers and obligations.*
(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor—
. . . .

**DECISION AVOIDING TRANSFER PURSUANT TO 11 U.S.C. § 548(a)(2)**

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the Debtor's Complaint to avoid a transfer of real property on either or both of two theories: (1) that the sale of her house at a sheriff's sale should be avoided as a fraudulent transfer pursuant to 11 U.S.C. § 548(a)(2), and/or (2) that the sale should be set aside under general equitable principles. Because we find that the Debtor prevails under § 548(a)(2),[1] we do not decide whether she would be entitled to relief on equitable grounds.

The relevant facts, which do not appear to be in dispute, are as follows:[2]

On March 1, 1982 the house in which the Debtor owned an undivided one-half interest was sold at sheriff's sale by an agent for the Defendant Raymond Tempest. The sale was attended by two persons, both members of the law firm to whom the Debtor owed $898.00. It was for nonpayment of this debt that the sheriff's sale was held, after a default judgment, execution, and levy on the property.

Only one bid was made at the sale, by Allen Kirshenbaum, Esq., who is both the attorney to whom the Debtor owed $898.00, and the agent for Kirshenbaum Investment Co., Defendant in this action. Mr. Kirshenbaum's bid was in the amount of $31.00, and it was accepted by an agent of the Defendant Raymond Tempest, the state official who was conducting the sale.

The costs of conducting the sale ($267.60) exceeded the proceeds of the sale by $236.60.

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation. . . .

2. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

The sheriff's sale occurred "within one year before the date of the filing of the [Debtor's] petition." 11 U.S.C. § 548(a).

The parties agree that the fair market value of the property is $22,500.

## INSOLVENCY

The Debtor was insolvent at the time of filing her Chapter 7 petition on June 30, 1982, and it is also the conclusion of this Court that she was either insolvent at the time of the transfer in question, on March 12, 1982, or became insolvent as a result thereof. 11 U.S.C. § 548(a)(2)(B)(i). Prior to the sale, the Debtor's share of the equity in her home was approximately $3,250—her largest asset. After the sale, she not only lost this asset, but her debts probably were increased, since the $31.00 sale proceeds failed to cover the costs of the sale or attorneys' fees. The Debtor is thus in the anomalous position of quite possibly having increased her obligation to the attorney who, acting as agent for Kirshenbaum Investment Co., purchased her home for $31.00. Furthermore, after the sale of her home she remained personally liable for the full $16,000 balance of the mortgage note.

## REASONABLY EQUIVALENT VALUE

Having met the burden of proof regarding her insolvency pursuant to 11 U.S.C. § 548(a)(2)(B)(i), in order to obtain the requested relief the Debtor must also demonstrate that she "received less than a reasonably equivalent value in exchange for such transfer," § 548(a)(2)(A). Bankruptcy courts have used different methods of determining whether "reasonably equivalent value" was received at foreclosure.[3] In *Coleman v. Home Savings Ass'n (In re Coleman),* 21 B.R. 832 (Bkrtcy.S.D.Tex.1982), the court calculated the equity in the homestead by deducting the two liens from the market value, found that the amount real-

ized at the foreclosure sale was "28% of the market value of said equity," and concluded that this was "less than reasonably equivalent value." *Id.* at 834. In *Smith v. American Consumer Finance Corp. (In re Smith),* 21 B.R. 345 (Bkrtcy.M.D.Fla.1982), the court compared the amount paid at the foreclosure sale with the assessed value, and finding the former a "mere fraction of its stated value," concluded that the property was "clearly not sold for its reasonably equivalent value." *Id.* at 351–52.

■ In the case at bar, Defendant Kirshenbaum Investment Co. argues that this Court should follow the majority opinion in *Lawyers Title Insurance Corp. v. Madrid (In re Madrid),* 21 B.R. 424 (Bkrtcy. 9th Cir.1982). The Bankruptcy Appellate Panel in *Madrid*[4] reversed the bankruptcy judge and held that "the consideration received at a noncollusive, regularly conducted public sale satisfies the 'reasonably equivalent value' requirement of 11 U.S.C. § 548(a)(2)." *Id.* at 425. As Judge Volinn noted in his dissent in *Madrid,* "[t]he majority would hold that despite widespread differences in law and practices relating to foreclosure, no bankruptcy court may entertain the factual issue of whether, under § 548, the consideration paid was the reasonably equivalent value." *Id.* at 428 (Volinn, J., dissenting). This Court rejects the reasoning of the majority in *Madrid* and adopts that of the dissenting opinion. We agree with Judge Volinn that "the concept of 'reasonably equivalent value' as a test set for 11 U.S.C. § 548(a)(2) requires that the trial court examine the consideration received in [a foreclosure] sale in the factual context of a particular case." *Id.* (Volinn, J., dissenting).

■ Examination of the consideration received at the sheriff's sale in the case at bar reveals that regardless of the method of

**3.** For a succinct discussion of different approaches used by bankruptcy courts in comparing the actual value of a homestead with the value received at a foreclosure sale resulting from the debtor's default on a loan secured by a second lien on the property, *see Bankruptcy*

*Service, Lawyers Edition,* "Current Awareness Alert" No. 7 (Nov. 1982), 6–7.

**4.** The decision of the Bankruptcy Appellate Panel in *Lawyers Title Insurance Corp. v. Madrid (In re Madrid)* is pending on appeal before the Ninth Circuit Court of Appeals.

calculation employed,[5] $31.00 is not reasonably equivalent value for the property in question. The sale price is less than one percent of either the equity in the property or the fair market value of the property.

Based on the facts of the case and for the reasons advanced by the Plaintiff in her counsel's brief and argument, we conclude that the Plaintiff "received less than a reasonably equivalent value in exchange for [the] transfer" of her property, and that she may avoid the transfer pursuant to 11 U.S.C. § 548(a)(2).

---

5. *See* note 3 *supra* and accompanying text.